Slip Op. 19-164

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TAI-AO ALUMINIUM (TAISHAN) CO., LTD. AND TAAL AMERICA LTD., <br><br> Plaintiffs, <br><br> and <br><br> REGAL IDEAS INC., <br><br> Consolidated Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> THE ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, <br><br> Defendant-Intervenor. | Before: Gary S. Katzmann, Judge <br> Consol. Court No. 17-00216 |

## OPINION

[The court sustains Commerce's Final Results of Redetermination.]

Dated: December 18, 2019

Ned H. Marshak, Peter W. Klestadt and Jordan C. Kahn, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt, LLP, of New York, NY, for plaintiffs.

Kristen Smith and Sarah E. Yuskaitis, Sandler, Travis & Rosenberg, PA, of Washington, DC, for consolidated plaintiff.

Amie Lee, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for defendant. With her on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.


Of counsel was Jessica M. Link, Assistant Chief Counsel, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Alan H. Price and Robert E. DeFrancesco, III, Wiley Rein LLP, of Washington, DC, for defendant-intervenor.

Katzmann, Judge:   The court returns to a case arising from an anticircumvention investigation centering on extrusions made from aluminum alloys.  Tai-Ao Aluminum (Taishan) Co., Ltd. v. United States, 43 CIT __, __, 391 F. Supp. 3d 1301 (2019) ("Tai-Ao").  The court now addresses whether the United States Department of Commerce's ("Commerce") reformulated liquidation instructions to Customs and Border Protection ("CBP") pursuant to its remand order in Tai-Ao should be sustained.  The court sustains Commerce's Final Results of Redetermination Pursuant to Court Remand (Dep't Commerce June 7, 2019), July 23, 2019, ECF No. 65 ("Remand Results").

## BACKGROUND

The court presumes familiarity with its previous decision in this case, Tai Ao, 391 F. Supp. 3d 1301.  Information pertinent to the instant case is set forth below.

On July 26, 2017, Commerce published Aluminum Extrusions from the People's Republic of China: Affirmative Final Determination of Circumvention of the Antidumping and Countervailing Duty Orders and Rescission of Minor Alterations Anti-Circumvention Inquiry, 82 Fed. Reg. 34,630 (July 26, 2017) ("Final Determination") and accompanying Issues and Decision Memorandum ("IDM").  Plaintiffs Tai-Ao Aluminum (Taishan) Co., Ltd. and TAAL America Ltd. (collectively, "Tai-Ao") and Regal Ideas Inc. ("Regal") challenged the Final Determination before the court.  In Tai Ao, the court affirmed Commerce's initial anti-circumvention investigation and scope interpretation.  391 F. Supp. 3d at 1311–13.  However, the court remanded Commerce's

Case 1:17-cv-00216-GSK   Document 79   Filed 12/18/19   Page 3 of 6

Consol. Court No. 17-00216 Page 3

liquidation instructions to CBP for reformulation because of inadequate notice to Tai-Ao and Regal that their products were initially subject to an anticircumvention inquiry. Id. at 1314–16.

On July 2, 2019, Commerce issued a Draft Remand Redetermination in which, under respectful protest, it proposed reformulated liquidation instructions. Draft Results of Redetermination Pursuant to Court Remand at 71–73, July 2, 2019, P.R. 63. Plaintiffs and Defendant-Intervenor Aluminum Extrusions Fair Trade Committee ("AEFTC") submitted timely comments in response. Tai-Ao's Draft Remand Comments, July 10, 2019, P.R. 78; Regal's Draft Remand Comments, July 10, 2019, P.R. 83; AEFTC's Draft Remand Comments, July 10, 2019, P.R. 89. Commerce issued its Remand Results on July 23, 2019 stating that Commerce "intend[s] to issue appropriate instructions to [CBP] regarding entries for Tai-Ao for the period March 21, 2016 through November 13, 2016." Remand Results at 1. Tai Ao, Regal, and AEFTC submitted their comments on the Remand Results on September 23, 2019 and August 22, 2019, respectively. Tai-Ao's Comments in Support of Commerce's Remand, Sept. 23, 2019, ECF No. 72 ("Tai-Ao's Br."); Regal's Comments on Commerce's Remand Determination, Aug. 22, 2019, ECF No. 71 ("Regal's Br."); AEFTC's Comments on Final Results of Redetermination Pursuant to Remand, Aug. 22, 2019, ECF No. 70 ("Def-Int.'s Br."). The United States ("Government") and AEFTC submitted their replies to Tai-Ao's and Regal's comments on September 23, 2019. Defendant's Response to Plaintiff's and Defendant-Intervenor's Comments on the Remand Redetermination, Sept. 23, 2019, ECF No. 73 ("Def.'s Br."); AEFTC's Reply to Comments on Final Results of Redetermination Pursuant to Remand, Sept. 23, 2019, ECF No. 74 ("Def-Int.'s Reply").

Tai-Ao requests that the court sustain the Remand Results. Tai-Ao's Br. at 2. Regal instead asks the court to remand the case again to Commerce, ordering Commerce to address Regal's date of liability. Regal's Br. at 1. Regal argues that Commerce's refusal to issue instructions to CBP

regarding the date of commencement of duty liability for Regal was inconsistent with the court's decision in Tai-Ao. Id. AEFTC requests that the court sustain the Remand Results only in regard to Regal and otherwise sustain Commerce's Final Determination because, contrary to the court's holding in Tai-Ao, Tai-Ao and Regal had sufficient notice. Def-Int.'s Br. at 1; Def.-Int.'s Reply at 4. AEFTC thus contends that Commerce's decision to reformulate its liquidation instructions "was in error and is not supported by substantial evidence or otherwise in accordance with law." Def-Int.'s Br. at 1. The Government requests that the court sustain Commerce's Remand Results. Def.'s Br. at 2. The court sustains Commerce's antidumping determinations, findings, and conclusions unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## DISCUSSION

### I. Commerce's Failure to Instruct CBP on Regal's Nonexistent Entries is Consistent with the Court's Remand Order.

Commerce's Remand Results are consistent with the court's remand order and previous opinion. See Tai-Ao, 391 F. Supp. 3d at 1315–16. Nonetheless, Regal contends that Commerce's failure to prepare draft instructions to CBP regarding Regal was counter to Tai-Ao, Regal's Br. at 3, which held that there was insufficient notice to Tai-Ao and Regal that they were subject to an anti-circumvention inquiry between the date of the initiation of the anti-circumvention inquiry and the date of Commerce's publication of its preliminary determination in that inquiry ("Pre-Notice Period"), Tai-Ao, 391 F. Supp. 3d at 1315. Further, Regal argues that Commerce's failure to address Regal's liability in its proposed instructions will have negative legal ramifications on two on-going and related cases regarding the scope of Commerce's orders regarding aluminum extrusions. Regal's Br. at 2–3 (citing to Regal Ideas Inc. v. United States, Court Nos. 17-00227 and 17-00228 (CIT) (stayed pending disposition of this case)).

The court concludes that Commerce complied with the court's order to "reformulate its liquidation instructions." See <u>Tai-Ao</u>, 391 F. Supp. 3d at 1316. As Regal itself concedes, it did not have any entries during the Pre-Notice Period. Regal's Br. at 2; Def.'s Br. at 7–8. For that reason, Commerce did not need to reformulate its instructions to CBP to include nonexistent Regal entries. As the Government notes, prior opinions of this court and the Federal Circuit dictate that when there is no impact on the liquidation of entries, challenges to Commerce's liquidation instructions to CBP are rendered moot. See Def.'s Br. at 8 (citing <u>Perfectus Aluminum, Inc. v. United States</u>, 391 F. Supp. 3d 1341, 1358 (2019); <u>Heartland By-Prod., Inc. v. United States</u>, 568 F.3d 1360, 1368 (Fed. Cir. 2009)). <u>See also</u> Def.-Int.'s Reply at 3 ("If there are no unliquidated entries, Regal has no standing in this Court to press this argument.").

Furthermore, Commerce's failure to instruct CBP on Regal's entries during the Pre-Notice Period does not negate the court's holding that "Commerce's decision to suspend liquidation with respect to Plaintiffs from the date of the Initiation Notice was impermissible because Plaintiffs did not receive adequate notice at that time" and that Regal should not have been subjected to suspension of liquidation of entries during the Pre-Notice Period. <u>Tai-Ao</u>, 391 F. Supp. 3d at 1313–14. Therefore, there is no plausible negative legal impact on Regal's two pending scope cases. Because the court in <u>Tai-Ao</u> stated that Commerce may not assess retroactive duties to Regal and Regal had no entries during that period, Commerce's remand instructions are consistent with the court's remand order.

> **II.    *Commerce's Liquidation Instructions to CBP Regarding Tai-Ao are Consistent with the Court's Remand Order.***

Finally, AEFTC continues to disagree with the court's decision in <u>Tai-Ao</u>. AEFTC thus argues that Commerce's decision to reformulate its liquidation instructions under protest "was in error and is not supported by substantial evidence or otherwise in accordance with law." Def-Int.'s

Br. at 1. The Government responds that "Commerce's right to file a remand under protest is well settled." Def.'s Br. at 13 (citing Meridian Prods., LLC v. United States, 890 F.3d 1272, 1276–77 (Fed. Cir. 2018) (citing Viraj Grp., Ltd. v. United States, 343 F.3d 1371, 1376 (Fed. Cir. 2003))). The court agrees and holds that the Remand Results are consistent with the remand order. The Federal Circuit has upheld that Commerce may file remand results under protest while still preserving its right to appeal. Viraj Grp., 343 F.3d at 1376. Thus, where, as here, Commerce filed reformulated liquidation instructions under protest, that determination is supported by substantial evidence and in accordance with the law.

## CONCLUSION

Commerce's Remand Results are sustained.

**SO ORDERED.**

/s/  Gary S. Katzmann
Gary S. Katzmann, Judge

Dated: December 18, 2019
       New York, New York